NELS L. NELSEN, APPELLEE, V. LEOPOLD DOLL ET AL., APPELLANTS.

FILED MARCH 10, 1933. No. 28475.

*R. H. Olmsted,* for appellants.

*William McDonnell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This is an appeal from an order of the district court

for Douglas county confirming the sale of 15 acres of land in Nels L. Nelsen, the plaintiff herein.

It is disclosed that a mortgage on the above tract was given to the plaintiff by the defendants as security for a certain note. The defendants defaulted in payments and failed to pay the taxes on the land over a period of five or six years and, on or about March 25, 1931, a decree of foreclosure was obtained against them by the plaintiff. The court found that $2,932.48 was due the plaintiff pursuant to the terms of the note and the land was thereupon ordered sold to satisfy such judgment. The defendants were given a nine months' stay, but the land was subsequently sold to plaintiff, the highest bidder, for $3,100, and the sale was confirmed by the court.

The plaintiff's affidavit and that of a witness in his behalf, who was familiar with real estate, tend to establish the fact that, in the present state of market values, another sale of the land would not realize to exceed $4,000. The land is located about three-quarters of a mile from the city of Omaha and is intercepted by a creek which deducts approximately two acres from the total fifteen acres.

In behalf of the defendants, affidavits were offered tending to prove that the land was worth more than the amount of the plaintiff's bid and that such bid does not represent the fair market value thereof. Defendant Doll averred in his affidavit that he had a prospective purchaser, but the name of such purchaser was not divulged, nor does it appear certain that the sale would be consummated. And in view of the fact that taxes in an amount exceeding $1,000 are now due on the land, it is doubtful whether a purchaser could be obtained who would pay more than the amount of the bid. The plaintiff stated in his affidavit that the taxes exceed the income derived from the land.

It is contended that the court erred in that he did not set out in his findings that the land was sold for its

fair value. It is apparent from the order confirming the sale, however, wherein it is stated that the court fully and carefully examined the proceedings and was satisfied that the sale was legal and in all respects conformed to the law, that the court concluded the property was sold for its fair value. Complaint is also made in that the court confirmed the sale without having first passed on the defendants' motion to set the sale aside. It is evident that the court would have set aside its order confirming the sale had he decided to sustain the defendants' motion and we fail to see that the defendants were prejudiced in the manner indicated.

We have held: "Mere inadequacy of price in a sale under foreclosure will not justify a court in refusing a confirmation, unless such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud." *Lemere v. White,* 122 Neb. 676. See, also, *Metropolitan Life Ins. Co. v. Heany,* 122 Neb. 747, and *Federal Land Bank v. Radke,* 122 Neb. 834. An order of the court confirming the sale of land under foreclosure proceedings will not be disturbed where it has not been affirmatively shown that a subsequent sale would realize a greater price for the land. The defendants had ample time in which to sell the land to a purchaser of their own choosing but failed to do so. The judgment is

AFFIRMED.