E. H. LUIKART, RECEIVER, APPELLEE, v. JOHN O. GRAF ET AL., APPELLANTS.

FILED APRIL 15, 1936. No. 29735.

*Lewis C. Westwood*, for appellants.

*Raymond B. Morrissey, Tunison & Joyner, Richard Travis* and *Fred G. Hawxby*, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Defendants appeal from an order denying the further continuance of a moratorium in a strict foreclosure of a contract.

On September 21, 1932, E. H. Luikart, as receiver of Columbus State Bank and of Silver Creek Bank, was granted a decree of strict foreclosure of a land contract on

the lands involved. Afterwards American Building Corporation succeeded to the rights of plaintiff and was substituted for him. And now L. L. Coryell Corporation has in turn succeeded to the rights of the receiver. The decree of strict foreclosure was not actually filed and entered until November 8, 1932. It provided for the absolute vesting of title in plaintiff if defendants failed to comply with the requirement to make certain payments by April 1, 1933, and stayed action until that date. On March 27, 1933, defendants applied for and obtained a stay under House Roll No. 600 of the 1933 session of the legislature (Laws 1933, ch. 65) now found in sections 20-21,159 to 20-21,164, Comp. St. Supp. 1933. On April 4, 1934, defendants applied for a further moratorium until March 1, 1935, which was allowed on April 13, 1934. June 22, 1935, defendants applied for another moratorium under House Roll No. 1 of the 1935 regular session of the legislature (Laws 1935, ch. 41, Comp. St. Supp. 1935, sec. 20-21,159), which amends section 20-21,159, Comp. St. Supp. 1933, so as to extend the moratorium until March 1, 1937, unless "good cause is shown to the contrary." On August 1, 1935, after objections filed and a full hearing, the court denied the application. The substituted plaintiff, American Building Corporation, was granted a writ of assistance. It is from this order defendants appeal.

The question at issue is whether the land is of sufficient value to pay the encumbrances for which defendants are liable if they were to redeem. Those encumbrances amounted, on August 1, 1935, to approximately $30,000. The farm consists of 276 acres. Some of the witnesses referred to it as the east 156 acres and the west 120 acres and in their appraisals they referred to it as two separate tracts.

All witnesses valued the farm by the acre. We compute the total value given by each witness. Plaintiff had two witnesses as to value. The first valued the farm at $22,080, the second at $25,500. Defendants had four witnesses as to value. The first, defendant John O. Graf, valued the farm at $36,960 to $40,740, the second valued it at $30,480,

the third at $30,480, and the fourth at $30,660 to $32,690.

Aside from the value placed on the land by defendant Graf, the other witnesses for defendants do not show the land to be of sufficient value now to cover the $30,000 encumbrances as of August 1, 1935, with the interest thereon. Plaintiff's witnesses place the value far too low to amount to the liens. Taking the average of all six witnesses, including the highest values estimated by any, they do not average much over $30,000.

The trial judge saw and observed the witnesses. He probably knows something of farm values himself. In the circumstances, we do not feel justified in disturbing his conclusion as to the real value of this farm. By the time the decree can become effective the encumbrances will equal or exceed the value of the land.

The following rule was adopted in *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792: "Where, upon a hearing on an application for a moratory stay of proceedings under section 20-21,159, Comp. St. Supp. 1933, it appears that the amount of the mortgage lien exceeds the value of the lands secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application."

In *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132, the syllabus says:

"Mere inadequacy of price will not preclude confirmation of foreclosure sale, unless shocking conscience of court, or amounting to evidence of fraud. * * *

"Defendant in a foreclosure action is not entitled to the benefit of the moratory statute where the mortgage lien equals or exceeds the actual value of the mortgaged premises, and where the premises are sold under decree for the full amount of the mortgage lien, interest and costs."

See, also, *First Trust Co. v. Hickey, ante,* p. 351, 264 N. W. 888.

Some other minor errors are assigned, but we do not deem them at all prejudicial.

The judgment of the district court is

AFFIRMED.