JOSEPH J. SRAJHANS, APPELLEE, V. FRANK MARES ET AL., APPELLANTS.

FILED MAY 8, 1936. No. 29672.

*Richard O. Johnson* and *Bernard J. Klasek,* for appellants.

*C. R. Stasenka, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and YEAGER, District Judge.

CARTER, J.

This is an appeal from a judgment of the district court for Saline county denying the application of the appellant for a moratory stay under the provisions of section 20-21,159, Comp. St. Supp. 1935.

On June 20, 1934, a decree of foreclosure was entered against the property covered by appellee's mortgage on liens aggregating an amount in excess of $48,000. The property consisted of four lots in the city of Wilber upon which was a modern one-story garage building 132 feet long and 88 feet wide. The appellant placed the highest value on the property of any witness who was called, when he testified it was worth $25,000. Assuming that this evidence is true, appellant would not be entitled to a moratory stay under the recent holdings of this court.

In *Clark v. Hass*, 129 Neb. 112, 260 N. W. 792, this court said: "Where, upon a hearing on an application for a moratory stay of proceedings under section 20-21,159, Comp. St. Supp. 1933, it appears that the amount of the mortgage lien exceeds the value of the lands secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application." Other cases to the same effect are *First Trust Co. v. Stenger, ante*, p. 750, 266 N. W. 642; *Luikart v. Graf, ante*, p. 736, 266 N. W. 641. We conclude, therefore, that the trial court properly denied the moratory stay.

Appellant contends that the trial court erred in confirming the sale of the premises. The record shows that the property sold for $5,500. Delinquent taxes in the amount of $4,500 were a prior lien. The testimony of appellant's witnesses, other than appellant himself, is to the effect that the property is worth $15,000. Appellee's witnesses place the value approximately at $10,500. Under these circumstances, we are unable to say that the sale for $5,500, subject to taxes in the amount of $4,500, was not properly confirmed by the trial court. This court is also committed to the rule that mere inadequacy of price will not preclude confirmation of foreclosure sale unless shocking the conscience of the court or amounting to evidence of fraud. *Erickson v. Hansen*, 129 Neb. 806, 263 N. W. 132; *Keller v. Boehmer, ante*, p. 763, 266 N. W. 577. We conclude, therefore, that the trial court did not err in confirming the sale.

In view of what we have heretofore said in this opinion, it will not be necessary to consider other assignments of error. The judgment of the district court is

AFFIRMED.