WALTER HOWARTH, APPELLEE, V. NICHOLAS M. BECKER ET AL., APPELLANTS.

FILED JUNE 12, 1936. No. 29690.

*Waring & Waring,* for appellants.

*Edward J. Kubat, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and KROGER and IRWIN, District Judges.

EBERLY, J.

This is an action to foreclose a mortgage on 80 acres of land in Fillmore county. On February 7, 1933, a decree of foreclosure and sale of the premises was entered, adjudging the amount then due plaintiff, Howarth, on his first mortgage lien, to be $5,807.32, bearing 10 per cent. interest from the date of the decree, and the amount due Peter B. Becker on his second mortgage the sum of $2,747.45, with interest at 7 per cent. per annum from date of decree, and directing sale of the premises to satisfy the amounts so found due.

In due time the premises were sold and the sale confirmed, and the mortgagor and owner of the equity of redemption made application for relief under the terms of the Nebraska moratorium act of March 2, 1933.

On appeal to this court, the action of the trial court was reversed and the cause remanded, for the reason that the pleadings in the district court contained no challenge to the constitutionality of the moratorium act, and the appellee in the hearing before the district court failed to carry the burden of proof, and introduced no evidence tending to show that the mortgaged premises were of less value than the amount of the decree of foreclosure. See, *Howarth v. Becker,* 128 Neb. 580, 259 N. W. 505.

On remand, the defendant Nicholas M. Becker made further application for relief by moratorium under the

provisions of House Roll No. 1 of the Laws of 1935, Laws 1935, ch. 41. To this application plaintiff filed written objections setting forth, in addition to other allegations, that there was then $7,269.63 due and unpaid upon his first mortgage lien; that real estate taxes assessed against said premises for the years 1930, 1931, 1932, 1933, and 1934 were due and unpaid, and in the aggregate amounted to $244.40; that the amount due and unpaid on the second mortgage in decree amounted to $3,318.45; that the actual value of the mortgaged real estate, exclusive of buildings, did not exceed $4,500; that said improvements thereon were not worth to exceed the sum of $1,000; and that the real estate was of less value than the unpaid tax liens thereon and the amount due on plaintiff's decree. In addition, plaintiff challenged the moratorium act of 1935 as unconstitutional, and violative of constitutional provisions expressly set forth in such objections. After due hearing, the district court determined, from the evidence presented, "that good cause has been shown why the relief under said act should be denied for the reason that the defendant applicant has no substantial equity in the real estate involved herein, and, further, that said House Roll No. 1 is unconstitutional." Thereupon the trial court sustained the objections of plaintiff, and denied application of defendant Nicholas M. Becker for relief under said act. From this judgment, Becker appeals.

A careful review of the evidence preserved in the bill of exceptions fully sustains the judgment of the trial court as to the value of the mortgaged premises, and brings this case squarely within the doctrine announced in *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792, viz.: "Where, upon a hearing on an application for a moratory stay of proceedings * * * it appears that the amount of the mortgage lien exceeds the value of the lands secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application." Though the court, in the case last cited, was dealing with the act

of 1933, the principle is equally controlling as applied to the provisions of House Roll No. 1, Laws of 1935.

"When it appears from the evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay under section 20-21,159, Comp. St. Supp. 1935, must be denied." *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82. See, also, *First Trust Co. v. Stenger*, 130 Neb. 750, 266 N. W. 642; *Luikart v. Graf*, 130 Neb. 736, 266 N. W. 641.

In view of the fact that the instant case is not one entitled to come within the scope of relief which the moratorium statute purports to give, we are obviously precluded from considering the constitutional questions argued in the briefs.

"A statute will not be declared unconstitutional unless necessary to proper disposition of pending case." *First Trust Co. v. Stenger*, 130 Neb. 750, 266 N. W. 642.

The fundamental doctrines which control this tribunal in the determination of constitutional questions presented for its consideration are substantially the same as those observed by the supreme court of the United States. These have been epitomized by one of its eminent judges in the following language:

"1. The court will not pass upon the constitutionality of legislation in a friendly, nonadversary, proceeding, declining because to decide such questions 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy between inviduals. It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act.' *Chicago & Grand Trunk R. Co. v. Wellman*, 143 U. S. 339, 345, 12 Sup. Ct. 400, 402, 36 L. Ed. 176. Compare *Lord v. Veazie*, 8 How. *251, 12 L. Ed. 1067; *Atherton Mills v. Johnston*, 259 U. S. 13, 15, 42 Sup. Ct. 422, 66 L. Ed. 814.

"2. The court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'

*Liverpool, N. Y. & P. Steamship Co. v. Emigration Commissioners,* 113 U. S. 33, 39, 5 Sup. Ct. 352, 355, 28 L. Ed. 899; *Abrams v. Van Schaick,* 293 U. S. 188, 55 Sup. Ct. 135, 79 L. Ed. 278; *Wilshire Oil Co. v. United States,* 295 U. S. 100, 55 Sup. Ct. 673, 79 L. Ed. 1329. *'It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.'* (Italics ours.) *Burton v. United States,* 196 U. S. 283, 295, 25 Sup. Ct. 243, 245, 49 L. Ed. 482.

"3. The court will not 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.' *Liverpool, N. Y. & P. Steamship Co. v. Emigration Commissioners, supra.* Compare *Hammond v. Schappi Bus Line, Inc.,* 275 U. S. 164, 169-172, 48 Sup. Ct. 66, 72 L. Ed. 218.

"4. *The court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.* (Italics ours.) This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the court will decide only the latter. *Siler v. Louisville & Nashville R. Co.,* 213 U. S. 175, 191, 29 Sup. Ct. 451, 53 L. Ed. 753; *Light v. United States,* 220 U. S. 523, 538, 31 Sup. Ct. 485, 55 L. Ed. 570. Appeals from the highest court of a state challenging its decision of a question under the federal Constitution are frequently dismissed because the judgment can be sustained on an independent state ground. *Berea College v. Kentucky,* 211 U. S. 45, 53, 29 Sup. Ct. 33, 53 L. Ed. 81.

"5. The court will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation. *Tyler v. Judges, etc.,* 179 U. S. 405, 21 Sup. Ct. 206, 45 L. Ed. 252; *Hendrick v. Maryland,* 235 U. S. 610, 621, 35 Sup. Ct. 140, 59 L. Ed. 385. Among the many applications of this rule, none is more striking than the denial of the right of challenge to one who lacks

a personal or property right. Thus, the challenge by a public official interested only in the performance of his official duty will not be entertained. *Columbus & Greenville R. Co. v. Miller,* 283 U. S. 96, 99,100, 51 Sup. Ct. 392, 75 L. Ed. 861. In *Fairchild v. Hughes,* 258 U. S. 126, 42 Sup. Ct. 274, 66 L. Ed. 499, the court affirmed the dismissal of a suit brought by a citizen who sought to have the nineteenth amendment declared unconstitutional. In *Massachusetts v. Mellon,* 262 U. S. 447, 43 Sup. Ct. 597, 67 L. Ed. 1078, the challenge of the federal maternity act was not entertained although made by the commonwealth on behalf of all its citizens.

"6. The court will not pass upon the constitutionality of a statute at the instance of one who has availed himself of its benefits. *Great Falls Mfg. Co. v. Attorney General,* 124 U. S. 581, 8 Sup. Ct. 631, 31 L. Ed. 527; *Wall v. Parrot Silver & Copper Co.,* 244 U. S. 407, 411, 412, 37 Sup. Ct. 609, 61 L. Ed. 1229; *St. Louis Malleable Casting Co. v. Prendergast Construction Co.,* 260 U. S. 469, 43 Sup. Ct. 178, 67 L. Ed. 351.

"7. 'When the validity of an act of the Congress is drawn in question, and even if a serious doubt of constitutionality is raised, it is a cardinal principle that this court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided.' *Crowell v. Benson,* 285 U. S. 22, 62, 52 Sup. Ct. 285, 296, 76 L. Ed. 598." *Ashwander v. Tennessee Valley Authority,* 56 Sup. Ct. Rep. 466, 482.

It follows, in the instant case, that, upon the sole ground that the mortgage liens exceed the value of the mortgaged premises, we determine that the denial of relief as made by the trial court was correct. and its judgment is

AFFIRMED.