FIRST TRUST COMPANY OF LINCOLN, APPELLEE, V. AIRDALE RANCH & CATTLE COMPANY ET AL., APPELLANTS.

FILED JULY 8, 1936. No. 29682.

*Neighbors & Coulter,* for appellants.

*Harry R. Ankeny, contra.*

Heard before GOSS, C. J., ROSE, GOOD and DAY, JJ., and KROGER, District Judge.

KROGER, District Judge.

This action was brought to foreclose a real estate mortgage on a ranch consisting of 9,240 acres of deeded land and a section of school land located in Banner and Scotts Bluff counties. The mortgage was executed in 1924 to secure a loan of $75,000 and was due in 1929, at which time the time of payment was extended to January 1, 1935. Defendants failed to pay the semiannual interest due July 1, 1932, and subsequent interest payments. Taxes for 1930 and subsequent years are unpaid. On July 2, 1934, a decree of foreclosure was entered, at which time the court found the amount due plaintiff on notes and mortgage to be $87,375, with interest at 10 per cent. per annum from that date. Prior to the entry of the decree, a receiver had been appointed to collect the rents and profits. On May 13, 1935, the property was sold on judicial sale for the sum of $40,100, subject to unpaid taxes of over $4,000. Before a confirmation of the sale was had, the owner of the equity of redemption applied for a moratorium staying further proceedings until March 1, 1937, under the Nebraska moratory act as amended by ch. 41, Laws 1935, and also filed objections to confirmation of the sale. Plaintiff objected to the granting of a moratorium on the ground that the defendants had no equity in the property over and above the liens against it, and on the further ground that the moratory act of 1935 was unconstitutional. From an order of the district court denying a moratorium and confirming the sale, defendants prosecute this appeal.

During the oral argument, counsel for defendants conceded that there was no equity in the property over and above the liens against it, but took the position that the moratory law was intended for the relief of debtors on

notes secured by real estate mortgages as well as for the owners of real estate covered by mortgages; that the legislature intended to protect debtors against heavy deficiency judgments on such notes, and that the court erred in denying the moratorium on the ground that the defendants had no equity in the mortgaged real estate to protect, when the record discloses that a deficiency of about $50,000 will exist if the present sale is confirmed.

It was, no doubt, the intention of the legislature to postpone the sale of real estate to satisfy mortgage indebtedness until the emergency created by the depression had passed, provided such postponement would benefit the debtor. Such postponement was not intended to enable the debtor to realize some speculative value out of the real estate securing the debt or to delay indefinitely the day of reckoning where the mortgage indebtedness was excessive. A review of the record in this case discloses that the real estate has a rental value of not to exceed $2,000 a year. Accumulating taxes and interest on the decree is increasing the indebtedness at the rate of $9,500 a year.

Under the circumstances, this case comes within the doctrine announced in the case of *Clark v. Hass*, 129 Neb. 112, 260 N. W. 792: "Where * * * it appears that the amount of the mortgage lien exceeds the value of the lands secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application." See, also, *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82; *Luikart v. Graf*, 130 Neb. 736, 266 N. W. 641. It follows that the trial court committed no error in denying defendants' request for a moratorium.

As it is not necessary for a proper disposition of the pending case, the constitutionality of the mortgage moratorium law is not passed upon. *First Trust Co. v. Stenger*, 130 Neb. 750, 266 N. W. 642.

Defendants further contend that the trial court erred in confirming the sale because the price bid for the property was so inadequate as to shock the conscience of the court or to amount to evidence of fraud. The evidence as to value

is conflicting, plaintiff's witnesses placing the value of the real estate from $36,800 to $47,100, and defendants' witnesses placing its value at from $62,000 to $125,000. Aside from the value placed on the land by the defendant Kelsey, the other witnesses for defendants placed the value of the land at approximately $62,000. In this state of the record, there is ample evidence to sustain the findings of the court that the fair value of the real estate under the terms and conditions of the sale was $44,636.33. The trial judge had the advantage of seeing and observing the witnesses. He, no doubt, was somewhat familiar with values of ranch lands in that community, and under these circumstances we do not feel justified in disturbing his conclusion as to the real value of this ranch, especially so since there was no showing by defendants that a resale would result in a greater sum being bid. The applicable rule to which this court is committed is: "Mere inadequacy of price will not preclude a confirmation of a foreclosure sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud." *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82. We find therefore that the trial court did not commit error in confirming the sale.

No error being found in the record, the judgment of the district court is

AFFIRMED.