LEWIS N. WILLSON, APPELLEE, v. JOHN R. QUEIN ET AL., APPELLANTS.

FILED OCTOBER 9, 1936. No. 29719.

*Neighbors & Coulter*, for appellants.

*C. G. Perry, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an appeal from the order confirming sale and denying a moratorium in a mortgage foreclosure case. The only question presented by the record is the correctness of these rulings.

Should the sale of the mortgaged premises have been confirmed? The rule applicable has been frequently repeated by this court. It is well stated in *Erickson v. Hansen,* 129 Neb. 806, 263 N. W. 132: "Mere inadequacy of price will not preclude confirmation of foreclosure sale, unless shocking conscience of court, or amounting to evidence of fraud." The only complaint in the instant case is that the price was inadequate. There is evidence in the record as to the amount of the purchase price in 1918 when the defendant acquired the ranch from the plaintiff. However, the question for determination here is the value of the ranch at the time of the sale.

On November 3, 1933, when the decree of foreclosure was entered, the indebtedness amounted to $65,913.19. In addition to this, there were the taxes which had been assessed and levied for the years 1931 to 1934, which were unpaid, amounting to $1,991.75. Also, there were other liens against the property amounting to $3,190.31. Thus, it will be noted that the total liens against the premises at that date amounted to $71,095.25. The sale took place September 10, 1934, and the property was sold to the plaintiff, mortgagee, for $72,030.55. At that time there was more than a year's additional interest due, in addition to another year's taxes and the costs.

The evidence of the various witnesses was in dispute as to the value of the place. The estimated values varied from $75,000 to $80,000 placed on the ranch by the plaintiff, to $100,000, the value given by the defendant. The trial court after hearing the testimony of all these witnesses determined that the value of the land was $80,000. From an

examination of the record, our conclusion is that the property was not worth more. The property involved is a large ranch of approximately 10,000 acres, with which the trial judge is familiar. When a large property of the value of $75,000 to $80,000 sells at a judicial sale for more than $72,000, the price is not so inadequate as to shock the conscience of the court or to be evidence of fraud. Again, there is no evidence in the record that another sale would produce more money or benefit the parties in any way.

The defendant applied for a stay under the moratorium act. In *Clark v. Hass*, 129 Neb. 112, 260 N. W. 792, it is said that, where an applicant for a moratory stay of proceedings appears to have no equity in the land secured by the mortgage, it is not an abuse of discretion on the part of the trial court to deny the application. The defendant has no equity in the real estate involved herein. The mortgage, judgment liens, the court costs, and the taxes at the time of the application, together with the taxes and interest which would accrue during the period of the suggested stay, exceed the value of the premises. The holder of a mortgage in order to avoid stay of proceedings under the moratorium has the burden to show good cause why application should not be granted. *Howarth v. Becker*, 128 Neb. 580, 259 N. W. 505. In this case, the holder of the mortgage sustained this burden and demonstrated good cause why the application should not be granted, in that the defendant had no equity to protect.

Therefore, it is the conclusion of this court that the trial court did not err in any particular.

AFFIRMED.