AMERICAN CENTRAL LIFE INSURANCE COMPANY, APPELLEE, v. CHARLES C. BROWN ET AL., APPELLANTS: CHARLES H. BROWN ET AL., APPELLEES.

FILED NOVEMBER 27, 1936. No. 29725.

*E. E. Richards,* for appellants.

*Paul L. Martin* and *Winfield R. Ross, contra.*

Heard before GOSS, C. J., GOOD, EBERLY and CARTER, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from a confirmation of the district court for Deuel county, setting aside a moratorium granted by said court and refusing to extend the moratory stay under the provisions of section 20-21,159, Comp. St. Supp. 1935, and confirming the sale of the premises under foreclosure proceedings.

Appellee's action was originally instituted November 26, 1932, for the foreclosure of interest coupons and consisting of three causes of action. A decree was entered by the court May 29, 1933, and there was found due appellee under its first cause of action the sum of $1,498.62, subject to $10,500 of principal indebtedness, under its second cause of action the sum of $526.09, subject to $3,500 of principal indebtedness, and under its third cause of action the sum of $433.55, subject to $3,500 of principal indebtedness. The decree bears interest at 10 per cent. per annum and the

unforeclosed principal indebtedness bears interest at 6 per cent. per annum until maturity and at 10 per cent. per annum thereafter. The statutory stay of nine months was taken.

On March 1, 1934, appellant Charles C. Brown filed an application for a moratory stay under the provisions of the moratorium act of 1933. Laws 1933, ch. 65. On April 28, 1934, an order was entered on the application, fixing the 1934 rent in the sum of $1,200, evidenced by a promissory note secured by a first crop mortgage. The order further provided that in case the note and mortgage were not delivered within 30 days an order of sale might issue by the clerk of the district court without further order from the court. Appellant failed to comply with said order and an order of sale was issued July 17, 1934. The sheriff sold the real estate August 20, 1934, the sale price being $1,676.78 under the first cause of action, subject to $10,500 of principal indebtedness, $588.63 under the second cause of action, subject to $3,500 of principal indebtedness, and $485.09 under the third cause of action, subject to $3,500 of principal indebtedness.

It might be stated that the interest coupons foreclosed in the first cause of action bore due dates of June 1, 1931, December 1, 1931, and June 1, 1932, with payments for delinquent taxes for the years 1930 and 1931, the interest coupons foreclosed in the second cause of action bore due dates of July 1, 1931, January 1, 1932, and July 1, 1932, with payments for delinquent taxes for the years 1930 and 1931, and the interest coupons foreclosed in the third cause of action bore due dates of September 1, 1931, March 1, 1932, and September 1, 1932, with payments for delinquent taxes for the year 1931.

The evidence discloses that the sale was made subject to valid first liens not included in the foreclosure action in the aggregate principal sum of $17,500, without added accrued interest, and delinquent taxes in the sum of $815.65.

Appellee offered the affidavit of C. E. Pollard, its fieldman, to the effect that the fair and reasonable value of the

land in question was $16,000 and that the sale was made subject to prior liens which with interest to July 30, 1935, amounted to $22,398, together with delinquent taxes for 1932, 1933 and 1934.

As against this evidence five affidavits were offered by the appellant Brown relative to the value of the land, showing a substantially increased value over and above the value set out in the affidavit of the witness Pollard.

The evidence further discloses that appellants paid no interest since March 1, 1931, nor any taxes after those for the year 1929 except the 1930 taxes on the land involved in the third cause of action. Appellants continued in possession of the 640 acres and took whatever income and profits that accrued therefrom, and received the benefit under the 1933 moratorium act, violating the terms of the moratory order.

It is true that appellants incorporated in their objections to confirmation a request for a moratorium under section 20-21,159, Comp. St. Supp. 1935, which seems to have been ignored by the court.

Some complaint is made of the discrepancy in the testimony of the contending parties about the value of the land. The court, as trier of the facts, believed the witness for appellee. According to such testimony the sale price was not so inadequate that it would prevent a confirmation of the foreclosure sale, nor was it so inadequate as to shock the conscience of the court or amount to evidence of fraud. As this court has committed itself recently, when it appears from the evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay should be denied. *Howarth v. Becker, ante,* p. 233, 267 N. W. 444; *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82. The court therefore properly denied a moratorium and confirmed the foreclosure sale.

Appellants, however, are given the right to redeem the premises until such time as the mandate issues from this court.

The judgment of the trial court is

AFFIRMED.