FIRST TRUST COMPANY OF LINCOLN, APPELLEE, V. HAZEL V. RATHBONE ET AL., APPELLANTS: GEORGE SCHWAKE ET AL., APPELLEES.

271 N. W. 428

FILED FEBRUARY 19, 1937. No. 29876.

*Chambers & Holland* and *John H. Keriakedes,* for appellants.

*T. F. A. Williams, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

DAY, J.

In this suit to foreclose a real estate mortgage, an order of sale was entered October 26, 1934, which fixed the mortgage lien at $17,351.40 and a tax lien in favor of another at $1,204.83. At a sale September 3, 1935, after a nine-months' stay, the plaintiff bid $13,950 for the property, subject to the tax lien. This is an appeal from the order confirming the sale and denying the defendants' application for a stay under the moratorium.

The appellants object to the confirmation of the sale for the reason that the bid was grossly inadequate. The rule is well established in this jurisdiction by numerous cases that mere inadequacy of price will not preclude confirmation of a foreclosure sale unless it is such as to shock the conscience of the court or amount to evidence of fraud. *Lemere v. White,* 122 Neb. 676, 241 N. W. 105; *Keller v. Boehmer,* 130 Neb. 763, 266 N. W. 577; *Omaha Loan & Building Ass'n v. Clarke,* 125 Neb. 497, 250 N. W. 748; *Nelsen v. Doll,* 124 Neb. 523, 247 N. W. 44. See, also, *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556.

A careful examination of the record does not reveal that the bid of the plaintiff was inadequate in this case. The evidence as to the value of the property at the time the court passed upon the motion to confirm the sale was in conflict. It consisted of the testimony of experts and interested parties. The witnesses for the plaintiff placed the value of the property between $10,000 and $12,000, while those for the defendants placed the value as high as $25,000. An analysis of the testimony shows that the difference of opinion was the result of the reasons given for arriving at the value. The reasons given by the witnesses for arriving at the value were the age and repair of the building, the rental value, and the location. These same features were considered by the witnesses for the defendants, but in addition they considered the possibility that at

some future time the University of Nebraska might need the property and might pay much more than its present value for it. A valuation based upon such a consideration is highly speculative and conjectural. The property sold for approximately $14,000. The trial court found that the bid was not so inadequate as to preclude a confirmation. This court reaches the same conclusion.

Again, this court has held that an order confirming a mortgage sale will not be set aside on appeal for inadequacy of price unless it is so gross as to show fraud, and unless the evidence shows that a resale would produce a better bid. *Commerce Trust Co. v. Bradley*, 125 Neb. 593, 251 N. W. 174. The record does not indicate that another bid would produce more money. In such a case a new sale would be but useless ceremony.

The second error assigned by the appellants is predicated upon the refusal of the trial court to grant a moratory stay under the statute. In this connection it will be noted that the order of sale entered October 26, 1934, fixed the liens on the property at $18,556.23. Even considering the evidence of the witnesses for the defendant as to the speculative value of the property and giving some weight thereto, the defendant has no equity in the premises.

In line with our former analysis of the testimony relative to value, this court finds, as did the trial court, that the defendant had no equity in the real estate involved in the foreclosure suit. When it appears from the evidence that the amount of the mortgage lien on property under foreclosure exceeds its value, the moratory stay must be denied. *Clark v. Hass*, 129 Neb. 112, 260 N. W. 792; *Luikart v. Graf*, 130 Neb. 736, 266 N. W. 641; *Srajhans v. Mares*, 130 Neb. 924, 267 N. W. 82; *First Trust Co. v. Airdale Ranch & Cattle Co.*, 131 Neb. 475, 268 N. W. 362.

The judgment of the trial court will not be disturbed.

AFFIRMED.