JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, APPELLEE, V. JAMES H. COVER, APPELLANT: OMAHA TRUST COMPANY ET AL., APPELLEES.

272 N. W. 230

FILED MARCH 23, 1937. No. 29911.

*W. A. Stewart, Jr.,* and *Hoagland, Carr & Hoagland,* for appellant.

*Charles D. Hitch* and *York & York, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from a decree of the district court for Dawson county denying a moratory stay and confirming the sale of lands under foreclosure proceedings.

There are 587 acres of land involved in this proceeding, unirrigated, but good land and with good improvements

thereon. On the date of confirmation there were valid and existing liens against the land amounting to $104,998.54. At the sale appellee insurance company originally bid the sum of $36,827.93. Its first mortgage lien with interest thereon was in the sum of $55,012.60, which latter sum it later bid for said land and which was the last and best bid therefor, amounting to $93.63 an acre.

It is proper for the trial court to take into consideration all liens against the property, including unpaid taxes, in determining whether or not defendant had any equity in such land above the liens. *Willson v. Quein,* 131 Neb. 615, 269 N. W. 121.

The evidence discloses that appellant and his son fix the value of the land at $100 an acre; other witnesses for appellant fix it at $75 an acre, while still others fix it at prices ranging from $43,000 to $46,960 for the whole tract. Some of appellee insurance company's witnesses fix it at $60 an acre. It will thus be noted that, with the exception of appellant's evidence and that of his son, the value of the land as fixed by disinterested witnesses for both parties is much less than the bid of appellee insurance company, and in such case, when it appears that the applicant for a moratory stay has no equity in the land and the amount of mortgage indebtedness exceeds the value of the land, it is not an abuse of discretion on the part of the trial court to deny the application. *Clark v. Hass,* 129 Neb. 112, 260 N. W. 792; *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82. In the latter case this court held:

"When it appears from the evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay * * * must be denied.

"Mere inadequacy of price will not preclude a confirmation of a foreclosure sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud." See *Luikart v. Graf,* 130 Neb. 736, 266 N. W. 641; *First Trust Co. v. Airdale Ranch & Cattle Co.,* 131 Neb. 475, 268 N. W. 362; *American Central Life Ins. Co. v. Brown,* 131 Neb. 761, 269 N. W. 904; *American Central*

*Life Ins. Co. v. Brown,* 131 Neb. 764, 269 N. W. 905; *First Trust Co. v. Rathbone, ante,* p. 211, 271 N. W. 428.

The evidence is wholly inadequate to establish fraud in this proceeding.

For the foregoing reasons, the decree and judgment of the lower court are

AFFIRMED.