FREMONT JOINT STOCK LAND BANK, APPELLEE, v. FRANK R. SATTERFIELD ET AL., APPELLANTS.

277 N. W. 797

FILED FEBRUARY 11, 1938. No. 30197.

*Nickerson & Nickerson,* for appellants.

*Fred M. Deweese, Mark Simons* and *Good, Good & Kirkpatrick, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

MESSMORE, J.

This is an appeal from a judgment and order entered March 22, 1937, by the district court for Sarpy county, terminating a moratorium, and directing the sheriff to make a deed to the purchaser.

The appeal involves 160 acres of farm land. The decree of foreclosure was entered September 11, 1935. A stay was taken by defendants, staying the issuance of order of sale until June 11, 1936; application for moratorium was filed on the same day, and order of sale issued on June 15, 1936. On June 19, 1936, a moratorium order was granted, staying such proceedings until March 1, 1937. Second order of sale was issued January 13, 1937, and on March 2, 1937, the premises were sold to the plaintiff for $15,-133.92. A new application for a moratory stay was filed, dated March 3, 1937. Motion to set aside moratory stay and confirm sale was filed March 9, 1937. The record fails to show objection by defendants to the confirmation of sale.

The competent evidence relative to the value of the land introduced by plaintiff below, appellee herein, consisting of two affidavits and two sworn witnesses, fixed said value at between $14,000 and $15,000. The evidence in behalf of defendants below, appellants herein, consisting of four affidavits and one sworn witness, a former tenant who resided on the land for 11 years, fixed the

value of the land at $125 an acre, or $20,000. The property was sold for $15,133.92, being an amount of $1,311.12 less than the amount due the plaintiff. No interest had been paid on the indebtedness since 1933 and no taxes paid since 1931. The only question at issue is the value of the land.

The trial court found that the amount of the mortgage lien exceeded the fair and reasonable value of the real estate, and that the defendants have no equity in the real estate. In this connection, this court has, in many cases, held that when it appears from the evidence that the amount of the mortgage lien on the land exceeds its value, a moratory stay must be denied. *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82; *Howarth v. Becker,* 131 Neb. 233, 267 N. W. 444; *First Trust Co. v. Airdale Ranch & Cattle Co.,* 131 Neb. 475, 268 N. W. 362; *State Life Ins. Co. v. Heffner,* 131 Neb. 700, 269 N. W. 629; *First Trust Co. v. Rathbone,* 132 Neb. 211, 271 N. W. 428; *John Hancock Mutual Life Ins. Co. v. Cover,* 132 Neb. 427, 272 N. W. 230; *Equitable Trust Co. v. Groves, ante,* p. 177, 274 N. W. 457. "Mere inadequacy of price will not preclude a confirmation of a foreclosure sale unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud." *Srajhans v. Mares, supra; John Hancock Mutual Life Ins. Co. v. Cover, supra.*

AFFIRMED.