EMMA I. BUCHANAN, APPELLEE, V. TABETHA K. RAHMEYER ET AL., APPELLANTS.

278 N. W. 558

FILED MARCH 25, 1938. No. 30199.

Hoagland, Carr & Hoagland, for appellants.

Beatty, Maupin, Murphy & Davis, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE and MESS-MORE, JJ., and FALLOON, District Judge.

PAINE, J.

Appeal from judgment overruling objections to con-firmation of sale on mortgage foreclosure, denying mora-torium stay, and confirming the sale.

Plaintiff brought foreclosure, and a decree was entered on August 2, 1932, for $9,897.40, with 7 per cent. interest, and the same decreed to be a first lien upon the west half of section 32, township 13, range 30 west, Lincoln county, Nebraska, on which date a ten months' stay was granted by agreement of the parties.

On August 24, 1933, a moratorium was granted until March 1, 1935, upon condition that $100 be paid annually for the pasture land, together with two-fifths of all corn and grain raised thereon, and directing how the rentals should be applied.

On September 1, 1933, a further hearing was had there-in, and the court found that George A. Rahmeyer does not personally farm said land, but has rented out the same, and therefore the order entered on August 24, 1933, was set aside, and all further proceedings were stayed until December 1, 1933, and defendant George A. Rahmeyer directed to pay plaintiff two-fifths of the corn on said place and $100 for the pasture.

On January 22, 1937, the court found that a portion of 110 acres of the mortgaged premises has been condemned by the Platte Valley Public Power and Irrigation District, and the sum of $4,959 paid in upon said condemnation proceedings for the value of the land actually taken, as well as the damage done to the remainder of the farm, has been paid to the plaintiff, leaving a sum still remaining due upon said decree in the sum of $8,008.13, with 7 per cent. interest from January 11, 1937.

The court further found that the balance of this land would not sell for enough to satisfy the amount due, and that there was no equity in the land for the defendants. The application for a further moratorium stay was denied, and it was directed that an order of sale issue thereon.

On March 4, 1937, the sheriff's return to the order of sale was filed, showing sale had been made to Emma I. Buchanan, plaintiff, for $8,153.49. Thereafter, on March 9, 1937, defendants made another application for a moratory stay until March 1, 1939. On the same day defendants also filed objections to confirmation of the sale. On March 11, 1937, plaintiff filed objections to granting moratorium on the ground that legislative bill No. 4, 1937 legislature (Comp. St. Supp. 1937, sec. 20-21,159) is unconstitutional and void.

On March 11, 1937, a hearing was had, and a decree of confirmation was duly entered, in which it was found that all the proceedings were regular, legal, and valid; that the real estate sold for its full value; and that a subsequent sale would not bring a greater amount; that there was no equity whatsoever in said real estate over and above the amount of the mortgage debt and taxes, and further set out that the court was personally acquainted and familiar with said real estate. Objections to sale overruled, application for a moratorium denied, sheriff directed to issue deed, and writ of assistance awarded. Supersedeas bond fixed in the sum of $800.

Two controlling questions are presented in this appeal: First, did the court err in overruling the application for a moratorium? And, second, was the court correct in finding there was no equity in the property?

Considering the value first, we find the land was sold for $41.31 an acre in this foreclosure. The evidence of the plaintiff's witnesses averaged around $35 an acre; but no witness knew of any one who would buy the land at any price. A large tract of land with much better improvements lying near this land has found no buyers at the offered price of $26 an acre.

The evidence disclosed that this land in the case at bar was not in the valley, but was table-land; that it was at least 160 feet to water, and the fences and buildings were badly run down, none of the buildings having been painted in years.

Fraud in this sale is not shown or implied. No shocking discrepancy appears between the value and the sale price. There is an entire lack of evidence to show that upon a resale any higher bid could be expected. The trial court was right in finding there was no equity in the property.

In considering the refusal to grant a further moratorium, the evidence is clear that, although retaining the land under the first moratorium granted, defendant George A. Rahmeyer did not pay in anything to the clerk of the court, as directed, from either his barley or his corn. We are convinced that the defendant had no valuable interest to protect, and, as the mortgage liens clearly exceed the value of the real estate, the trial court was right in refusing the moratorium. *Luikart v. Graf*, 130 Neb. 736, 266 N. W. 641; *First Trust Co. v. Stenger*, 130 Neb. 750, 266 N. W. 642; *Clark v. Hass*, 129 Neb. 112, 260 N. W. 792; *Security Mutual Life Ins. Co. v. Herpolsheimer Bldg. Co.*, 132 Neb. 149, 271 N. W. 343.

The entire record examined *de novo*. No error has been found in the proceedings, and the judgment of the district court is

AFFIRMED.