AMERICAN CENTRAL LIFE INSURANCE COMPANY, APPELLEE, V. CHARLES C. BROWN ET AL., APPELLANTS: CHARLES H. BROWN ET AL., APPELLEES.

FILED NOVEMBER 27, 1936. No. 29751.

*E. E. Richards*, for appellants.

*Paul R. Martin* and *Winfield R. Ross, contra.*

Heard before GOSS, C. J., GOOD and EBERLY, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from a decree of the district court for Garden county confirming proceedings and sale had under a foreclosure action and vacating a moratorium order formerly entered in this matter.

The foreclosure action involved two causes of action, the first against 160 acres of land and the second against 320 acres of land, foreclosing interest coupons under the first cause of action due August 1, 1931, February 1, 1932, and August 1, 1932, and also payments of 1930 and 1931 real estate taxes, the principal debt of $3,500 with accrued interest thereon from August 1, 1932, not being involved in said cause of action. The second cause of action was for the foreclosure of interest coupons due June 1, 1931, December 1, 1931, and June 1, 1932, and delinquent tax payments for 1930 and 1931, the principal debt of $7,500 and

interest accrued thereon after June 1, 1932, not being involved in said cause of action.

Defendant took the statutory stay of nine months. Thereafter an order of sale was issued. Then defendant filed an application for a moratory stay under the provisions of the moratorium act of 1933. Laws 1933, ch. 65. The mortgaged property was sold March 19, 1934, by the sheriff for the sum of $545.25 under the first cause of action and $1,108.98 under the second cause of action, which were approximately the sums due under the respective causes of action, the lands remaining subject to the first liens for the principal indebtednesses hereinbefore mentioned and not in foreclosure.

On April 16, 1934, a hearing was had on motion for confirmation of sale and defendant's motion for a moratory stay. The court appointed a receiver to take charge of the real estate and defendant was ordered to pay the receiver one-third of all small grains and corn raised on the mortgaged premises, while plaintiff's motion for confirmation was taken under advisement. No rent was paid the receiver. A second application by defendant for a moratory stay was filed June 1, 1935, under the provisions of the 1935 moratory act. Laws 1935, ch. 41. Plaintiff objected to the granting of said application, setting forth that the defendant had failed and refused to pay the receiver the rentals for 1934 and 1935 in accordance with the terms of the moratory order of April 16, 1934. On September 4, 1935, a hearing was had on plaintiff's motion for confirmation of sale and on defendant's application for a moratorium. The court thereupon vacated the moratorium order of April 16, 1934, and ordered that further continuance of said moratory stay under the moratory act of 1935 be denied, and confirmed the sale.

Evidence was offered by the appellee through C. E. Pollard, its fieldman in charge of loans and real estate belonging to appellee in western Nebraska and adjoining states, who fixed the fair and reasonable value of the 160-acre tract at $3,200 and that it was encumbered for $4,400, and

the fair and reasonable value of the 320-acre tract at $7,000 and that it was encumbered in excess of $9,700, such encumbrances not including the delinquent taxes for 1932, 1933 and 1934.

Appellants offered the affidavits of several witnesses who fixed the value of the real estate involved in the first cause of action from $7,600 to $8,250 and the land involved in the second cause of action from $16,800 to $20,400.

The trial court believed the testimony offered by appellee as to the value of the land, together with all the other circumstances in the case as disclosed by the record; that appellants had paid no interest since February, 1931, nor any taxes after those of 1929, but had retained possession of the 480 acres of mortgaged property, applying the rents, profits and income therefrom to their own use.

We conclude that, if the sale price was inadequate, such inadequacy would not prevent the confirmation of the foreclosure sale, unless it was so inadequate as to shock the conscience of the court or amount to evidence of fraud. The evidence does not disclose that the sale price was inadequate and does not disclose fraud. This court has recently held that, when it appears from the evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay should be denied. *Howarth v. Becker, ante,* p. 233, 267 N. W. 444; *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82. The trial court therefore properly denied a moratorium and confirmed the foreclosure sale.

Appellants, however, are given the right to redeem the premises until such time as the mandate from this court issues.

The judgment of the trial court is

AFFIRMED.