GEORGE DOANE KELLER, TRUSTEE, APPELLEE, V. LOA S. GRIFFITH ET AL., APPELLANTS.

272 N. W. 203

FILED MARCH 19, 1937. No. 29912.

*Loa S. Griffith* and *Roscoe C. Griffith, pro se.*

*Edgar B. Zabriskie* and *George Doane Keller, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from an order and decree of the district court for Douglas county, wherein that court denied appellants a further continuance of a moratory order, vacated the moratory stay, and overruled a motion for a new trial.

The evidence discloses that appellee is trustee of the estate of one Charles B. Keller, deceased; that a decree of strict foreclosure was entered September 27, 1933, and was stayed under the provisions of the moratory act, with rental fixed at $60 a month. Decree was entered for $7,-

203.69. The motion to set aside the moratory stay was heard February 24, 1936, which motion was sustained, decree to take effect within thirty days. On February 26, 1936, a motion was made by appellants to vacate the order theretofore made setting aside the moratory stay and asking for a new trial, which motion was overruled on March 2, 1936, hence this appeal.

Certain testimony was offered by appellee of real estate men and of a next-door neighbor, fixing the value of the property at $6,500; that the property was suffering waste and had materially depreciated in value since the date of the decree of strict foreclosure. Further, in behalf of appellee, two affidavits of one G. B. Robertson, state manager of the Home Owners Loan Corporation, were offered and received in evidence, one dated November 10, 1934, to the effect that said corporation could not approve the appraisal of the property in excess of $7,250, of which amount it would lend 80 per cent. in bonds of said corporation, and from which amount would have to be deducted sums for necessary repairs, taxes and costs of the loan; and the second affidavit, dated December 12, 1935, to the effect that there was no change of circumstances that caused him to alter or modify his former statements.

The payments of $60 a month were insufficient to reduce substantially the amount of the indebtedness or the amount due under the contract of purchase, which amount had increased from $7,203.69 on the date of the decree to more than $8,500 at the time of the writing of this opinion; that said monthly payments had been made substantially as ordered, with perhaps the exception of the payments due January 27, 1936, and February 27, 1936, up to the time of the filing of the application to vacate the moratory stay; that at different times certain repairs had been made to the house on the premises by appellants in lieu of certain payments due under the moratory order.

Appellants' testimony relative to the value of the property relates the history of the original purchase in 1928 on term payments under the contract; that said property had

a reasonable cash value of $12,000 at that time; shows the amount of insurance carried on the house and garage; that $2,000 was expended on repairs and payments due under the moratory order; that values of properties in the immediate vicinity of the property in question range from $9,000 to $15,000 and the cost to reproduce the premises in question of $12,000.

In view of the law as stated by this court in actions of this kind, the court below, having had the opportunity to hear this matter and having entered the decree fixing the amount of payments appellants were required to make under the original moratory order, obviously believed that the amount due under the contract of purchase of the real property involved exceeded the value of said real property, that appellants had no equity in said real property and the same was suffering waste.

This court has held: "When it appears from evidence that the amount of the mortgage liens on the land exceeds its value, a moratory stay * * * must be denied." *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82. See *Luikart v. Graf,* 130 Neb. 736, 266 N. W. 641; *First Trust Co. v. Airdale Ranch & Cattle Co.,* 131 Neb. 475, 268 N. W. 362; *American Central Life Ins Co. v. Brown,* 131 Neb. 761, 269 N. W. 904; *American Central Life Ins. Co. v. Brown,* 131 Neb. 764, 269 N. W. 905; *First Trust Co. v. Rathbone, ante,* p. 211, 271 N. W. 428.

The district court has analyzed all the evidence in this case, ruled adversely to appellants and set aside the moratory stay. This court, having examined the record, concludes that the order and decree of the lower court are correct and therefore affirms the same.

Appellants are given a right to redeem the real property in question at any time before mandate issues.

AFFIRMED.