JULIA M. CROSS, APPELLEE, v. WILLIAM E. LEIDICH ET AL., IMPLEADED WITH HENRY LAMMERS ET AL., APPELLANTS.

FILED JANUARY 8, 1902.   No. 10,910.

1. Foreclosure: SALE: RETURN: SIXTY-DAY LIMIT. A sale of real estate under a decree foreclosing a mortgage, will not be set aside, merely because the officer did not return the order of sale within sixty days from the date thereof.

2. Notice: MERIDIAN. That the meridian in which lands are situate is not stated in the notice of sale will not invalidate the sale made thereunder, when the county, town, range, section and part thereof, are correctly given in the notice.

3. Sale of Real Estate: STATUTE. The statute does not require that a sale of real estate under a mortgage foreclosure shall be held open for any specific length of time.

APPEAL from the district court for Buffalo county. Heard below before SULLIVAN, J.  *Affirmed.*

*B. O. Hostetler,* for appellants.

*A. B. Coffroth, contra.*

NORVAL, C. J.

Complaint is made of the order of the court below confirming the sale of real estate under a decree of foreclosure of a real estate mortgage because the order of sale was returned sixty-two days after the date it bore. We have decided this point more than once adversely to the defendants. *Jarrett v. Hoover,* 54 Nebr., 65; *Amoskeag Savings Bank v. Robbins,* 53 Nebr., 776; *Clark & Leonard Inv. Co. v. Hamilton,* 54 Nebr., 95; *Philadelphia Mortgage & Trust Co. v.*

*Buckstaff Bros. Mfg. Co.,* 61 Nebr., 54.   But it is insisted
that these cases are not decisive of the question here, since
the decree of foreclosure expressly stipulated "that an order
of sale shall be issued, directed to the sheriff of Buffalo
county, Nebraska, commanding him to appraise, advertise
and sell the above described premises as upon execution."
This provision is insufficient to make the former decisions
inapplicable here.   The sheriff did, as he was ordered, ap-
praise, advertise and sell the mortgaged premises as upon
execution.   The decree contained no stipulation concerning
the time he should make his return, and the language
quoted can not be construed as requiring the order of sale
to be returned in sixty days.

The order of confirmation is assailed on the ground that
the notice of the sale omitted to give the meridian in which
the mortgaged premises are located.   The notice, however,
correctly designated the land, by giving the county, town,
range, and part of section.   This was sufficient.   *Miller v.
Lanham,* 35 Nebr., 886; *Pearson v. Badger Lumber Co.,* 60
Nebr., 167.

Finally it is urged that the order of confirmation should
be reversed, because the sale was made according to the
standard time, which is about twenty-five minutes faster
than sun time in Kearney.   It is disclosed by the record
that the sheriff opened the sale at 2 o'clock P. M., standard
time, on the date advertised, and held the sale open until
3 o'clock P. M., standard time of the same day.   So that the
sale was not concluded according to common or sun time
until about thirty-five minutes after the hour advertised.
The statute does not require that mortgage foreclosure
sales shall be held open for any length of time.

The order assailed is

AFFIRMED.