METROPOLITAN LIFE INSURANCE COMPANY, APPELLEE, V. JOHN HEANY, APPELLANT.

FILED MARCH 17, 1932. No. 28194.

*Edgar S. Hickey* and *John A. McKenzie,* for appellant..

*Cranny & Moore, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Goss, C. J.

This is an appeal from an order confirming the sale of 160 acres of land under a decree of foreclosure and awarding plaintiff purchaser a writ of assistance. The appellant relies on error because of inadequacy of sale price, error in confirming the sale over defendant's objection that a subsequent sale would realize a greater amount, and error in ordering the writ of assistance directing the sheriff to put the purchaser in possession.

The decree, dated July 2, 1930, awarded plaintiff a first lien for $11,873.70, at 10 per cent. from that date, and gave E. T. Collins a judgment lien for $5,298.75, bearing 8 per cent. from June 5, 1930, with $27.75 costs. Defendant took the nine months' statutory stay of the order of sale. The order was issued April 6, 1931, and the property was sold May 8, 1931, to plaintiff for $12,954.87. On objection of defendant another sale was ordered. It was had June 12, 1931. Plaintiff was the purchaser for $13,085.15. Again defendant objected to confirmation, chiefly as to inadequacy of amount. The court made an order giving him "until August 15, 1931, to find a purchaser who will raise the present bid by at least $500." On August 26, 1931, the court made an order confirming the sale to plaintiff.

On the subject of values, the parties stipulated to use the evidence on the objections to the first sale. That was done. There were only two oral witnesses for plaintiff, one of whom valued the land at $14,000 and the other placed its value at "between $90 and $100" an acre; and only the defendant testified for himself on the subject. He first placed the value at $22,000, but finally testified that it ought to bring over $100 an acre on a subsequent

sale. Defendant offered *ex parte* affidavits of five parties, who put the value at $22,000 to $24,000.

"A judicial sale of real estate will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake." *First Nat. Bank v. Hunt,* 101 Neb. 743; *Lindberg v. Tolle,* 121 Neb. 25. We think the court gave the defendant a fair opportunity to test the sale value put by himself and his witnesses, and that his inability to obtain one who would agree to raise the bid on the last sale, at least $500 was sufficient to show that there was no gross inadequacy in the price for which the land sold and to authorize the court to confirm the sale.

In the absence of any showing of any agreement or alleged agreement subsequent to the decree giving defendant any rights to continue in possession or of any showing that the issuance of the writ might work injustice, we are of the opinion the court did not err in granting a writ of assistance as a part of the order confirming the sale. Such a writ is authorized by chancery practice to give effect to the decree and judgment of the court.

The judgment of the district court is

AFFIRMED.