CLARENCE WALLACE, APPELLEE, V. ELLEN CLEMENTS ET AL., APPELLEES: JOHN CLEMENTS ET AL., APPELLANTS.

FILED APRIL 14, 1933. No. 28502.

A. R. Oleson, for appellants.

Zacek & Nicholson, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit in equity to foreclose a mortgage on a tract of land in Cuming county. The district court found the amount due on the mortgage to be $12,076 and entered a decree of foreclosure April 8, 1931. Under an order of sale issued February 10, 1932, the sheriff sold the mortgaged land to Clarence Wallace, plaintiff, for $12,000. Over objections of defendants, the district court confirmed the sheriff's sale March 25, 1932. Defendants appealed from the confirmation.

A reversal is sought on the ground that the decree of foreclosure and the sale thereunder are void, because the decree was rendered during vacation in absence of a call for a special session, when the district court was without jurisdiction. The point is not well taken. For Cuming county, the district court had fixed two terms for 1931. The first term began March 30 and the second term September 28. The March term was not adjourned *sine die* until September 28, 1931, and the September term was not adjourned *sine die* until March 14, 1932. The court met for short sessions at intervals during these terms, adjourned for recesses at the close of meetings or sessions, and by specific orders kept the regular terms open until final adjournments. This course was within the power of the court to fix times for hearings, meetings and sessions, to order recesses, to control proceedings, to conduct trials and determine issues. Under the method pursued, the court was not in vacation during temporary recesses between meetings. The decree, therefore, was not rendered in vacation and was not void for the reason assigned.

Inadequacy of price for which the land was sold is also urged as a ground for a reversal. On the issue of value, the differences between the estimates of witnesses and the price bid and accepted are not so great as to make the sheriff's sale unconscionable or fraudulent within the meaning of the established rule:

"Mere inadequacy of price in a sale under foreclosure will not justify a court in refusing a confirmation, unless such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud." *Lemere v. White*, 122 Neb. 676. Leave given to redeem at any time before issuance of mandate.

AFFIRMED.