R. F. ERWIN, APPELLEE, V. AUGUST H. BRUNKE ET AL., APPELLANTS.

277 N. W. 48

FILED JANUARY 4, 1938. No. 30133.

*C. A. Sorensen,* for appellants.

*Charles A. Dafoe, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

This is an appeal from a decree in a foreclosure proceeding confirming a sale of real estate and ordering the issuance of a writ of assistance. While the case was pending in the district court for Johnson county, the proceedings from which the appeal was taken were had before the presiding judge of that court, sitting at chambers in Pawnee county. The record discloses jurisdiction for the hearing of motion to confirm sale and of the objections thereto to have been conferred by stipulation and agreement of the parties. There is no bill of exceptions, and the sufficiency of the evidence to support the findings and decree is not presented by the record. It is argued by appellants that the findings of the trial court are insufficient to support the decree for the reason that the court did not find that "property was sold for fair value under the circumstances and conditions of the sale." Section 20-1531, Comp. St. 1929, as amended in 1933, authorizes a confirmation where court finds that the sale has in all respects been made in conformity to law, and (1) "that the said property was sold for fair value, under the circumstances and conditions of the sale," or (2) "that a subsequent sale would not realize a greater amount." It is not essential to the validity of the sale that findings of the court should include both provisions (1) and (2) above set out; either finding alone is sufficient.

Our attention is directed to the provisions of section 20-1531, *supra,* as amended, "Provided, however, that if such sale pertains to mortgaged premises being sold under foreclosure proceedings and the amount of such sale is

less than the amount of the decree rendered in such proceedings, the court may refuse to confirm such sale, if, in its opinion, such mortgaged premises have a fair and reasonable value equal to or greater than the amount of the decree;" and appellants suggest that said provision makes it obligatory upon the court to find, before confirming sale, that the fair and reasonable value of the land is not greater than the amount of the decree. We do not so construe it. The power sought to be conferred thereby is permissive only. Further, the record in this case does not disclose that "the amount of such sale is less than the amount of the decree," such facts not appearing in the transcript filed in this court.

The complaint that the decree of confirmation did not direct the clerk "to make an entry on the journal that the court is satisfied with the legality of such sale" is not forceful. While section 20-1531, *supra,* provides for such order, section 20-2209, Comp. St. 1929, requires the journal to be kept by the clerk of the court, and section 20-1318, Comp. St. 1929, provides that "all judgments and orders must be entered on the journal of the court." This statute made it the duty of the clerk to enter the decree of confirmation on the journal. In this instance the clerk did so enter the decree, and the transcript discloses the volume of the journal and page where found. The failure of the decree of confirmation to embody an order for the entry on the journal under such circumstances was not material to the validity of the proceedings.

Complaint is further made that there is no compliance with the provisions of section 20-1531, *supra,* as amended, "the court shall in any case condition the confirmation of such sale upon such terms or under such conditions as may be just and equitable." Experience has demonstrated that, although the sale proceedings may be regular and purchasers entitled to confirmation, equities may require that transfer of possession be delayed a given time for some reason which to the trial court may seem adequate. In this case, so far as the record discloses, no equities justifying

a conditional order of confirmation were found to exist, and the court therefore made an absolute order conditioned that the clerk issue a writ of assistance to put the purchaser in possession of the premises. This order was within such provision of the statute.

It is finally urged that a district judge at chambers is without jurisdiction to grant a writ of assistance; and *Hartsuff v. Huss,* 2 Neb. (Unof.) 145, 95 N. W. 1070, is relied upon. We do not deem that citation controlling in the instant case. At the time that decision was made, the jurisdiction of district judges at chambers was much more limited than at present. That decision was made in 1901; and in 1913 the statute (section 27-317, Comp. St. 1929) was amended by conferring jurisdiction upon a district judge at chambers to "hear and determine motions and demurrers" upon ten days' notice, and to "hear and enter judgments in equity cases upon agreement and stipulation of both parties to the action." The record disclosed that the motion to confirm sale and objections thereto "comes on for hearing to the court, in chambers in the district courtroom in the courthouse at Pawnee City, Pawnee county, Nebraska, by stipulation and agreement of plaintiff, R. F. Erwin, and defendants (named), said stipulation and agreement being made in open court." The district judge thus had jurisdiction both of the parties and of the subject-matter and was acting within the powers conferred upon a district judge at chambers under the provisions of the statute last cited. The writ of assistance was merely incidental to the confirmation of the sale and the order for the execution of the deed, and the district judge, under the facts disclosed by the record, was acting within his jurisdiction in entering the order for the writ of assistance.

AFFIRMED.