A. BELLE FOX ET AL., APPELLEES, V. ARTHUR M. NELSON, APPELLANT.

277 N. W. 795

FILED FEBRUARY 11, 1938.   No. 30214.

*S. E. Torgeson*, for appellant.

*Roland V. Rodman* and *John H. Kuns, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and WILLIAM A. DAY, District Judge.

CARTER, J.

This is an appeal from a judgment of the district court for Kimball county confirming a sale of real estate in a foreclosure suit.

On February 28, 1935, a decree of foreclosure was entered against the property covered by appellees' mortgage in an amount in excess of $3,480. The property consisted of 320 acres of Kimball county land and the improvements thereon. On December 21, 1936, it was sold to appellees for $4,400. The record shows that this was a second sale of the property, although the amount of the first sale is not disclosed.

The evidence as to the value of the property is in con-

flict. C. L. Alden, a real estate man in Kimball, fixed its value at $3,200 to $4,000. W. L. Bates, also engaged in the real estate business, fixes the value at $4,000. Appellees also offered the affidavit of L. R. Eastman, a real estate dealer, that the property was of the value of $4,000.

Appellant offered the evidence of Olaf A. Peterson, a farmer living near the land involved herein, that it was worth $22.50 an acre. Chris Terman, another farmer familiar with the place, estimated its value at $25 an acre. E. R. Hadley, another farmer familiar with the land, estimates its value at $20 to $25 an acre. The appellant testified that the land was worth from $20 to $30 an acre.

Under this evidence, the trial court did not err in confirming the sale of this property. It comes squarely within the announced rule that mere inadequacy of price will not preclude a confirmation of a foreclosure sale, unless it is so inadequate as to shock the conscience of the court or amount to evidence of fraud. *Keller v. Boehmer,* 130 Neb. 763, 266 N. W. 577; *Srajhans v. Mares,* 130 Neb. 924, 267 N. W. 82; *First Trust Co. v. Airdale Ranch & Cattle Co.,* 131 Neb. 475, 268 N. W. 362; *Lincoln Joint Stock Land Bank v. Fuller,* 132 Neb. 677, 273 N. W. 14.

For the reasons herein stated, the judgment of the district court is affirmed, with leave to the appellant to redeem at any time prior to the issuance of the mandate of this court.

AFFIRMED.