JAMES E. WEIR, APPELLEE, V. ORLEBAR D. SMITH, APPELLANT: MERNA SMITH ET AL., APPELLEES.

282 N. W. 260

FILED NOVEMBER 10, 1938. No. 30423.

*Butler & James,* for appellant.

*J. F. Fults, contra.*

Heard before ROSE, C. J., EBERLY. DAY. PAINE. CARTER and MESSMORE, JJ.

EBERLY, J.

This is an appeal from an order of confirmation of sale of real estate entered in a real estate mortgage foreclosure proceeding. The premises involved consist of a 240-acre farm. The appellant, Orlebar D. Smith, executed the mort-

gage and notes secured by the same in October, 1934, and since that date has paid neither the interest accruing on his loan nor the taxes assessed on the mortgaged property. The taxes unpaid and due for the years 1934 to 1936, inclusive, at the date of this hearing amounted to the sum of $262. The decree of foreclosure was entered on December 15, 1936, for $2,697.09, with interest at 8 per cent. from date, and carries costs. On November 15, 1937, the mortgaged premises were sold under this decree for the sum of $2,800. A hearing was had on objections to confirmation on the 31st day of January, 1938, which, on that date, were overruled, and the sale confirmed; the finding of the trial court being that "the sale proceedings were regular and that the property sold for its fair and reasonable value under the circumstances and conditions of sale, and that if offered for sale again at this time would probably not bring any greater sum and that the defendants have no equity in said premises."

The sole contention presented here is that the mortgaged premises did not sell for a fair price and that the amount bid at the sale by the plaintiff was wholly disproportionate to the fair and reasonable value of the premises. At the hearing the appellant presented three witnesses whose testimony as to valuation may be placed at $4,800, $5,000, and $4,800. The witnesses for plaintiff testified as to values of $17.50 an acre, $17 to $18 an acre, and $15 to $20 an acre. But there is a total lack of testimony that if resold the mortgaged premises would bring a better price. At the time of confirmation, there was due on the decree the sum of $2,940. In addition, outstanding unpaid taxes amounted to $262. In this situation we are required to sustain the action of the trial court.

"On appeal from an order confirming a judicial sale in a suit to foreclose a mortgage, confirmation will not be set aside for inadequacy of price, where it is not so low as to evidence fraud or as to otherwise invalidate the sale, and where the evidence does not prove that a resale would result in a better price." *Commerce Trust Co. v. Bradley,*

125 Neb. 593, 251 N. W. 174. See, also, *Lemere v. White,* 122 Neb. 676, 241 N. W. 105; *Wallace v. Clements,* 124 Neb. 691, 248 N. W. 58.

The judgment entered by the district court is, therefore,
AFFIRMED.