METROPOLITAN LIFE INSURANCE COMPANY, APPELLEE, V. MARY SUVERKRUBBE ET AL., APPELLANTS.

284 N. W. 342

FILED MARCH 3, 1939.   No. 30519.

*Charles W. Haller,* for appellants.

*Cranny & Moore, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an appeal from an order confirming a mortgage foreclosure sale, on the grounds, (1) that the price was inadequate; (2) that the court entered confirmation without ruling on defendant's motion to set aside the sale; and (3) that it was improper to provide for a writ of assistance in the order of confirmation.

On the first point, defendant contends the bid was unconscionable. The property was sold to plaintiff for $8,095, the amount of its decree, interest and costs. The question of value was tried on affidavits. Five affidavits for plaintiff fixed the value at around $8,000, and five affidavits for defendant at around $15,000. Plaintiff was the sole bidder at the sale. Practically 90 days elapsed before confirmation, but no offer on the part of any one to make a higher bid on a resale was shown. The fairness of the price on a foreclosure sale is a question primarily for the trial court. Where there is no irregularity or taint in the proceedings, confirmation will not be set aside on appeal unless the bid is so low as to produce a clear conviction of unconscionableness. The rule has been repeated so often that citation of authority is unnecessary. The record in this case does not produce such a conviction.

On the second point, it is argued that the court erred in confirming the sale without expressly ruling on defendant's motion to set aside the sale. The basis of the so-called

motion was that the bid was so inadequate as to be inequitable and to shock the conscience. This was nothing more than a formal objection to confirmation which required no separate ruling, but was disposed of automatically by the order of confirmation.

On the third point, defendant insists that the court erred in providing for a writ of assistance in the order of confirmation where there was no express prayer therefor in the petition or in the motion for confirmation. Procedural form is unimportant except as it serves to safeguard the substantive rights of litigants or to avoid confusion and instability in judicial proceedings. There could be no prejudice in granting a writ of assistance on oral application at the time of confirmation, where the right thereto clearly existed and the parties affected were before the court. *Metropolitan Life Ins. Co. v. Heany*, 122 Neb. 747, 241 N. W. 525.

The judgment is affirmed, with leave to redeem before issuance of the mandate.

AFFIRMED.