ERMA A. PRINGLE, APPELLEE, v. ARTHUR L. SMITH ET AL., APPELLANTS.

291 N. W. 673

FILED APRIL 19, 1940. No. 30820.

*Paul W. White*, for appellants.

*Sterling F. Mutz*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is a suit in equity in which Erma A. Pringle is plaintiff and Arthur L. Smith and Bertha L. Smith, his wife, are

defendants. It involves the enforcement of a contract of sale of certain real estate in the city of Lincoln, after admitted default in its terms on part of the defendants. In this appeal, the defendants challenge the correctness of the ruling of the trial court overruling their objections to a public sale of the premises involved, made May 23, 1939, pursuant to the decree entered in said cause, to Erma A. Pringle for the sum of $15,000; and also to the confirmation thereof by such court. It appears that this bid was subject to unpaid taxes on the property. Defendants' objections are based wholly on the inadequacy of the sale price.

The following is a summary of appellants' evidence by experts on the subject of value, viz.: Lawrence F. Farrell, $22,500; John M. Alexander, $22,000; Jess Nickles, $22,500; Clarence Dixon, $22,000; Conrad Schaaf, $20,000; John J. Bogan, $22,000; W. F. Etmund, $20,000; Average appraisal, $21,571.43.

Appellee's similar evidence may be summarized as follows: E. M. Forsyth, $17,000; William F. Steele, $17,250; Harvey Rathbone, $17,250; Average appraisal, $17,166.67.

In addition, the record discloses two public sales, properly conducted, at which the highest bid was $15,000 (subject to unpaid taxes). There is no evidence in the record that would support the conclusion that a third sale would secure a greater price than that bid at the second sale. The amount bid at this sale, under the circumstances set forth in this record, is competent evidence of value. *Douglass v. Hill*, 29 Kan. 527.

Under all the evidence presented, the action of the district court for Lancaster county was clearly correct. No possibility of fraud exists. The facts involved are clearly within the rule this court has often announced that mere inadequacy of price in a foreclosure sale will not warrant the court's refusing a confirmation, unless such inadequacy is so great as to shock the conscience of the court or to amount to evidence of fraud. *Lemere v. White*, 122 Neb. 676, 241 N. W. 105; *Wallace v. Clements*, 124 Neb. 691, 248 N. W. 58; *First Trust Co. v. Rathbone*, 132 Neb. 211, 271 N.

W. 428; *Erwin v. Brunke,* 133 Neb. 745, 277 N. W. 48; *Fox v. Nelson,* 133 Neb. 903, 277 N. W. 795; *Fremont Joint Stock Land Bank v. Satterfield,* 133 Neb. 904, 277 N. W. 797; *Conservative Savings & Loan Ass'n v. Mancuso,* 134 Neb. 779, 279 N. W. 725; *Weir v. Smith,* 135 Neb. 447, 282 N. W. 260; *Metropolitan Life Ins. Co. v. Suverkrubbe,* 135 Neb. 865, 284 N. W. 342.

The action of the district court being in all respects correct, its judgment is

AFFIRMED.