MAYE C. COLE, APPELLEE, V. H. C. MADISON, APPELLANT.
2 N. W. (2d) 115

FILED JANUARY 23, 1942. No. 31289.

*Frank M. Johnson,* for appellant.

*York & York, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in equity to foreclose a mortgage for $4,081.23 on a quarter-section of land in Dawson county, on which there is a railroad and a public highway. The district court for Dawson county found there was due from defendant to plaintiff the sum of $4,339.09 and decreed foreclosure of the mortgage October 11, 1939. Under the decree the sheriff of Dawson county sold the mortgaged real estate to plaintiff December 30, 1940, for $4,656.56, being the amount of the debt, interest and costs. Defendant objected to confirmation of the sale, among other grounds, for inadequacy of the sale price. In ruling on the objections to confirmation, the district court found that the sale was conducted in all respects in conformity to the law, that the mortgaged real estate was sold for a fair price under the existing circumstances and conditions, and that the evidence fails to show a greater amount could be realized at a subsequent sale. From an order confirming the sale, defendant appealed.

Inadequacy of price is urged as a ground for reversal, but a thorough consideration of the record leads to the conclusion that the appeal falls directly within the following rule:

"An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale." *Equitable Life Assurance Society v. Buck*, 138 Neb. 203, 292 N. W. 605.

The judgment below is affirmed, but with permission to defendant, before issuance of the mandate herein, to redeem the mortgaged real estate by payment of the debt, interest, costs in both courts and taxes paid by plaintiff.

AFFIRMED.