### SMITH v. OLSON, Warden.
### No. 146 Civil.

District Court, D. Nebraska,
Lincoln Division.

April 8, 1942.

Albert Smith, petitioner, pro se.

Walter R. Johnson, Atty. Gen., of Nebraska, and C. S. Beck, Asst. Atty. Gen., of Nebraska, for respondent.

DELEHANT, District Judge.

On March 5, 1942, this court entered an order allowing the petitioner herein to file in this proceeding his Petition for a Writ of Habeas Corpus and Forma Pauperis Affidavit; ordering the respondent to show cause against the issuance of the writ by the 16th day of March, 1942, and allowing the petitioner ten days after such showing within which to file a countershowing in opposition thereto. The petition and affidavit were filed forthwith and the showing and countershowing were both seasonably filed. Both as a companion filing with his petition, and in the body of his countershowing, the petitioner presents, in fairly comprehensive detail, the legal precedents allegedly sustaining his petition. The court has examined and maturely considered the record thus made and considers that it clearly necessitates the summary disposition of the case.

The petitioner here is the prevailing party in Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859; but the case made upon the pleadings now before the court is void of the imposing allegations of fact, examined by the United States Supreme Court in Smith v. O'Grady, supra, of which more presently.

In his petition for a writ, the petitioner alleges that he is imprisoned and restrained of his liberty unlawfully, without due process of law and in violation of the fourteenth amendment of the constitution of the United States. In an evident interpretation of his plight—as distinguished from any factual allegation—he asserts also that he is held in slavery in violation of the thirteenth amendment of the constitution of the United States.

Through alleged copies of an information filed in the District Court of Valley County, Nebraska, and a journal entry of the proceedings of that court, it appears from the petition itself that on September 27, 1932, the County Attorney of Valley County, Nebraska, filed in the District Court of that county an information in due form charging the petitioner with the offense of burglary with explosives under Section 28-543, C.S.Neb.1929, and that on the same day he appeared in that court, waived preliminary hearing and requested immediate arraignment, was arraigned, pleaded guilty to the information as charged, and was sentenced to confinement in the Nebraska penitentiary for the period of twenty years. His confinement is admittedly in pursuance of that plea and the judgment or sentence entered thereon.

The petitioner in his pleading makes the following—and only the following—assignments of invalidity in his sentence and confinement:

1. The trial court was without jurisdiction in that the petitioner had not had "notice of ten days from the trial court that he

was to be arraigned to be informed of the nature of the accusation" against him which the plaintiff claims is jurisdictionally required under Section 27-317, C.S.Neb.1929.

2. The trial court failed to complete the court by assigning counsel to advise petitioner of his proper defense to make at the arraignment, in support of which the sixth amendment of the constitution of the United States is cited. · .

3. The petitioner has never been found "guilty" of the offense charged in the information.

4. The petitioner was deprived of the right to be informed of the nature and cause of the accusation charged in the information.

The respondent in his "Objections", by way of showing against the issuance of the writ, alleges the validity of petitioner's confinement and in support thereof sets out a copy of the commitment under which it was made, which is exhaustive in its recitals and discloses an explicit history of all proper admonitory cautions contemplated by the law on the arraignment, plea of guilty and sentence of a defendant charged with crime. The respondent then sets out in detail the history of the case of Smith v. O'Grady, supra, and, with significant consequence, the proceedings in that case which have been had in pursuance of the opinion of the United States Supreme Court, including a copy of exhaustive and minute findings of fact and conclusions of law, and an order of dismissal by Honorable J. H. Broady, Judge of the District Court of Lancaster County, Nebraska, under date of July 16, 1941, upon a trial of Smith v. O'Grady, supra, on the merits. Respecting the final phase of that action it appears that the District Court of Lancaster County, Nebraska, tried the issues in detail, heard evidence upon them, and resolved every factual and legal question unfavorably to the petitioner. That judgment is not denied in the countershowing of the petitioner and it may be considered as the final order in the proceeding in which it was rendered.

■ In its ruling upon the petition presently before it, the court, fully mindful of the limitation upon the principle of res adjudicata that is implicit in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; and Smith v. O'Grady, supra, might nevertheless confidently rely upon that principle. In Smith v. O'Grady, supra, every issue here presented was raised, and along with sundry additional issues of fact, was resolved adversely to the petitioner. The petitioner has had his constitutional "day in court" upon every question he now suggests. And this court will not relitigate his claim.

But the grounds now urged for the issuance of the writ are much narrower than those which evoked the opinion in Smith v. O'Grady, supra. And they are considered to be exclusively legal and to raise no issue of fact. Nor are they or any of them well taken.

■■ 1. In his demand for "notice of ten days under section 27-317, C.S.Neb. 1929," petitioner neglects the fact that his sentence was received in open court in the county in which he was charged with the offense, whereas Section 27-317, C.S.Neb. 1929, is a grant of power to judges of the district court of Nebraska sitting in chambers any where within their respective districts. Besides, the element of notice not being a jurisdictional step but rather a procedural precaution after jurisdiction has attached, may be waived by the parties. Erwin v. Brunke, 133 Neb. 745, 277 N.W. 48.

■ 2. The charge that the trial court "failed to complete the court" by assigning counsel to petitioner falls far short of an allegation of a culpable judicial failure in that behalf. But, considering it most favorably to the petitioner, the record before the court demonstrates its falsity.

The recitals of the commitment, which are not impeached, include the following: "The defendant, Albert Smith, appeared in open court stating that he had been fully advised as to his rights and that he desired to waive service of a copy of the information and time to plead thereto, and that he waived preliminary examination, that he did not desire counsel, and that he was ready to plead to the information filed against him."

And Judge Broady's findings in the trial on the merits of Smith v. O'Grady, supra, contain the following conclusive statement:

"It is not usual for the trial courts in this state to have the court reporter present and make a complete record of the proceedings on pleas of guilty in criminal matters. But in the instant case Judge Clements did

have the court reporter present who took a complete record of the entire proceedings. (These notes were transcribed and filed as part of the record)

"A copy of the record was read to this court and introduced in evidence. The court reporter took the stand and confirmed and verified her original shorthand notes. The transcript of the shorthand notes shows clearly that the county attorney informed the court, Judge Clements, in the presence of the petitioner and prior to his arraignment that he had explained all preliminary rights to Mr. Smith, his right to counsel, right to trial and preliminary hearing and a copy of the information served on him, and he stated to the judge that Smith had waived all of these rights and desired to be arraigned at once. The presiding judge asked of Smith these questions and received these answers: "Q. You heard what he read? A. Yes, sir. Q. Did you understand it? A. Yes, sir. Q. You understood he was telling the court that you didn't desire to have counsel in this matter? A. Yes, sir. Q. That you were willing to waive a preliminary examination and wanted to plead now at this time? A. Yes, sir. Q. You may stand up." The reporter's notes then show that the defendant was duly arraigned and entered a plea of "guilty" to the information as charged, which was the charge "Burglary with explosives." Thereafter the court told the county attorney, "You may examine him". Then followed a series of eight or ten pages of questions by the county attorney which the petitioner Smith answered each, including inquiry into his past life and record, and just such general information as trial judges in this state usually take of an acccused before passing sentence on pleas of guilty."

Until the court of last resort declares that a defendant in a criminal proceeding must have counsel thrust upon him, this court will remain satisfied that the court which imposed sentence on the petitioner erred, if at all, on the side of undue caution.

■ 3. The petitioner's contention that he has "never been found guilty of the offense charged in the information" is disclosed, in his citation of authorities, to rest upon the twofold premise that a plea of "guilty" will not sustain a sentence, and that a court, unaided by a jury, can not try a defendant and pronounce a judgment of "guilty" on a felony charge. But it has been decided that a plea of "guilty" is the equivalent of a finding of "guilty". Leiby v. State, 79 Neb. 485, 113 N.W. 125. And the entire criminal code of Nebraska proceeds upon the principle that a plea of guilty, where it may be received unreservedly, involves the waiver of the right to a trial by jury, or for that matter to any formal trial at all. Constitution of Nebraska Art. V. Sec. 9; Sec. 27-317, C.S.Neb. 1929.

■ 4. The petitioner's final claim that he was "deprived of his right to be informed of the nature of the accusation against him" appears clearly from his pleading to be offered not as an allegation of fact but rather as a legal conclusion based solely upon the three preceding contentions. In any event, it is conclusively demonstrated to be factually untrue and, as a conclusion to be legally unsound.

For the reasons herein suggested, the court, concurrently with the filing of this memorandum, is entering an order discharging the order to show cause, denying the writ of habeas corpus and dismissing petitioner's petition.