FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF
LINCOLN, A CORPORATION, APPELLEE, V. EARL L. CORYELL
ET AL., APPELLANTS, IMPLEADED WITH LEVI L. CORYELL
ET AL., APPELLEES, KENNETH L. MITZNER ET AL.,
INTERVENERS-APPELLEES.

87 N. W. 2d 554

Filed January 24, 1958. No. 34320.

*Doyle, Morrison & Doyle,* for appellants.

*Lester L. Dunn* and *Marti, O'Gara, Dalton & Sheldon,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an appeal from an order confirming a sale held pursuant to a mortgage foreclosure decree. The issue raised by the appellants is whether or not the sheriff's sale, considered in the light of all of the circumstances, is one which the court in justice to all the parties should approve.

The record shows that the decree was entered on May 21, 1954, wherein the court decreed that there was due the plaintiff, the First Federal Savings and Loan Association of Lincoln, Nebraska, the sum of $14,966.88 with interest at 9 percent per annum as a first lien, and the sum of $1,209.85 with interest at 9 percent per

annum as a second lien; that there was due cross-petitioners Levi L. Coryell and Daisy Coryell, the sum of $5,534.83 with interest at 5 percent per annum as a third lien; and that there was due intervener Kenneth L. Mitzner the sum of $244.45 with interest at 6 percent per annum as a fourth lien.

The decree in favor of the plaintiff and the cross-petitioners was assigned to L. J. Shotwell.

On March 7, 1955, the appellants executed a note and mortgage on the real estate here involved to C. C. Carlsen to secure the sum of $6,000. The sum of $400 was paid on this obligation. This note and mortgage have not been foreclosed because the loan was made after the entry of the decree of foreclosure.

On March 7, 1955, the appellants, as further security for the said note and mortgage, transferred to C. C. Carlsen the sum of $6,000 with interest at 9 percent from the proceeds that might become due the appellants by reason of a sheriff's sale under the foreclosure decree entered on May 21, 1954. This assignment authorized the clerk of the district court for Lancaster County to pay C. C. Carlsen the sum of $6,000, with interest, from any amount that came into the hands of the clerk of the district court to which the appellants would be entitled from a sale of the real estate.

The sheriff's sale was held on June 18, 1957. The property was sold to L. J. Shotwell for the sum of $34,500, as shown by the sheriff's return made June 24, 1957.

On July 18, 1957, the cause came on for hearing with reference to confirmation of the sale. The court overruled the appellants' objections to the sale and entered an order confirming the sale, granting the appellants, until August 15, 1957, the right to redeem the property by paying the full amount of the decree of foreclosure, and by paying C. C. Carlsen the amount due on his note and real estate mortgage on the real estate here involved.

Earl Coryell, one of the appellants, testified that he

purchased the property involved in this action, known as 2801 Van Dorn Street in Lincoln, in 1937, for $28,600, and has resided there since that time. This property is a two-story house constructed of brick and tile, with a slate roof, and containing 3,800 to 4,000 square feet of floor space, on ground 120 feet in width and 313 feet in length. It was built about 11 years prior to the time this witness purchased it. He placed the present value of this property at $57,000 to $58,000. He further testified that he had rejected a cash offer of $50,000 for this property within the past year, and rejected a $41,000 offer made in 1956, but has had no recent offers.

The appellants introduced a letter dated December 1, 1955, wherein a real estate dealer sought exclusive listing of this property for a price of $57,500. This dealer explained that actual value and market value were not always the same in this price class property due to the scarcity of buyers willing and able to purchase such a house at any certain time.

The affidavit of a real estate dealer placed the market value of this property at $42,750, and another such dealer fixed the market value at $42,500. There are also in evidence affidavits of other real estate dealers fixing the market value of the property at $37,500, at $39,500, and two at $40,000. One of the real estate dealers who placed the market value of the property at $40,000 subsequently, by letter, changed the amount to $50,000.

In addition to the amounts set forth in the decree and the interest thereon, there were unpaid real estate taxes for the years 1954, 1955, and 1956 in the amount of approximately $3,264.17, and court costs in the amount of $252.07.

The appellants have made no effort to either sell the property or to redeem it to pay this indebtedness.

The appellants complained that the sale was commenced at 2:06 p.m., June 18, 1957, and held open for a period of 13 minutes. The appellant Earl Coryell stated

that he had no notice of the sale until the morning of the day it was to be held.

The record shows that there were several people present at the time of the sale. The sheriff was selling other tracts of land. There was one bidder for this particular property.

In Cross v. Leidich, 63 Neb. 420, 88 N. W. 667, this court said: "The statute does not require that mortgage foreclosure sales shall be held open for any length of time."

As we view the record, on a trial de novo, the real estate sold for its fair and reasonable value under the circumstances and conditions of the sale. We find no competent evidence that at a subsequent sale a greater amount would be realized.

The rule applicable to the instant case, as stated in Cole v. Madison, 140 Neb. 812, 2 N. W. 2d 115, is as follows: " 'An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale.' Equitable Life Assurance Society v. Buck, 138 Neb. 203, 292 N. W. 605." See, also, Weir v. Smith, 135 Neb. 447, 282 N. W. 260.

The decree of the district court is affirmed, with leave granted appellants to redeem within 60 days from the issuance of the mandate.

AFFIRMED.